UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>Plaintiff,<br><br>vs.<br><br>SABINE AISHA JULES,<br><br>Defendant. | 3:23-CV-03013-RAL<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING FOR DISMISSAL |

Plaintiff Ronald Satish Emrit filed a pro se lawsuit. Doc. 1. Emrit moves for leave to proceed in forma pauperis and has filed a financial affidavit. Doc. 2. Emrit then filed a Notice of Appeal seeking to appeal to the United States Court of Appeals for the Tenth Circuit. Doc. 4. Notwithstanding the Notice of Appeal, this Court now screens Emrit's complaint under 28 U.S.C. § 1915(e)(2).

I.  **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Emrit's financial

affidavit, the Court finds that he has insufficient funds to pay the filing fee. Thus, Emrit's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II.     1915 Screening

### A.     Factual Background

Emrit claims he is entitled to an annulment of his marriage to his former spouse Sabine Aisha Jules and that "he can obtain an annulment anywhere in the United States based on a theory of federal question of Equal Protection, Due Process, Freedom of Association, Right to Privacy, Privileges and Immunities and/or diversity of jurisdiction." Doc. 1 ¶ 6. Emrit is "an indigent, disabled, and unemployed resident of the state of Florida and Maryland[.]" Id. ¶ 7. Emrit is uncertain of Jules's residence but believes she resides in Florida. Id. ¶ 8.

Emrit and Jules married in Las Vegas, Nevada, on August 31, 2002. Id. ¶ 6. The parties divorced in Fort Lauderdale, Florida in 2006, through a case presided over by Judge Susan Greenhawt of the Seventeenth Judicial Circuit of Broward County, Florida. Id. ¶¶ 4, 6. As a part of the divorce proceeding, Judge Greenhawt entered a $5,000 child support award against Emrit. Id. ¶ 4. The child support order was rendered null and void when Emrit's parental rights were terminated in June 2009. Id. ¶ 5.

Despite the jurisdiction of the marriage and divorce, Emrit alleges that can obtain "an annulment regardless of the Rooker-Feldman Doctrine or the previous divorce granted in . . . Broward Country, Florida[.]" Id. at 1. Emrit openly claims that he "is now 'forum shopping' in several federal courts to obtain an annulment of a previous marriage in which [he] was divorced in 2006[.]" Id. ¶ 4.

Emrit asserts that an annulment is "extremely important" because his "fiance [sic] from the Ukraine does not know that he was married before to a Haitian-American woman and the plaintiff

2

does not want to have to inform his current fiance [sic] that he was married before . . . " Id. ¶ 21. Emrit also "does not want a woman appearing out of nowhere . . . claiming to be the plaintiff's daughter which would interfere with the plaintiff's engagement to another woman from the Ukraine." Id. ¶ 22.

Plaintiff's complaint invokes the Full Faith and Credit Clause of the United States, Fourth Amendment, Fifth Amendment, Fourteenth Amendment, Thirteenth Amendment, and Loving v. Virginia, 388 U.S. 1 (1967). See id. ¶¶ 1-2, 6, 12-13. Emrit acknowledges that this Court "does not already have personal or subject matter jurisdiction" but avers nonetheless that this Court has jurisdiction based on complete diversity of Emrit and "the five defendants" despite the amount in controversy not exceeding $75,000. Id. ¶¶ 10-11, 15. Emrit asserts federal question subject matter jurisdiction because his claim "involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." Id. ¶ 12-13.

Emrit seeks "to obtain an injunction as an equitable remedy in the form of an annulment regardless of the Rooker-Feldman Doctrine or the previous divorce granted in 2006 by order of Judge Susan Greenhawt of Broward County, Florida (Fort Lauderdale) involving the Full Faith and Credit Clause of the U.S. Constitution." Id. at 1. Emrit claims that the injunction "is necessary to establish a 'legal fiction' of selective amnesia in which both the plaintiff and the sole defendant can deny that they know each other." Id. at 8. Emrit "is not seeking punitive, compensatory, treble, actual, presumed, and special damages . . . " Id. at 7.

**B.  Legal Standard**

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights

complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**C.     Legal Analysis**

**1.     Subject Matter Jurisdiction**

"[F]ederal courts are courts of limited jurisdiction[.]" United States v. Afremov, 611 F.3d 970, 975 (8th Cir. 2010). This Court "has a special obligation to consider whether it has subject matter jurisdiction in every case." Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011). "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the Court] believe[s] that jurisdiction may be lacking.' " Id. (alterations and omissions in original) (quoting Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)).

Federal Rule of Civil Procedure 8(a) requires a plain statement of the grounds for jurisdiction of the court and a concise statement of the claim showing that the claimant is entitled to relief. Fed. R. Civ. P. 8(a). The subject matter jurisdiction of this Court may derive from a federal question posed by the underlying lawsuit, see 28 U.S.C. § 1331, the citizenship of the parties, see 28 U.S.C. § 1332, or special circumstances covered by federal statute. Emrit's complaint fails to plead facts to provide a valid basis for this Court's jurisdiction.

### a. Diversity of Citizenship

Under 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" Emrit alleges that his claims fall within diversity of citizenship jurisdiction because he and the five defendants reside in different states. Doc. 1 ¶ 11. But Emrit claims he lives in Florida half of the year and names only Jules as a defendant whom Emrit believes also lives in Florida. Id. ¶¶ 7-8. Emrit also expressly states that the amount in controversy does not exceed $75,000. Id. ¶ 15. Thus, Emrit's claim does not trigger diversity of citizenship subject matter jurisdiction. Moreover, as Emrit's complaint acknowledges, the United States District Court for the District of South Dakota lacks personal jurisdiction over Jules who appears to lack any connection to South Dakota.

### b. Federal Question

Emrit alleges many grounds for jurisdiction arising under federal law. See id. ¶¶ 1-2, 6, 12-13. Without providing any support or explanation as to how his complaint falls under any federal law or treaty, Emrit's complaint mentions: (1) the Full Faith and Credit Clause of the United States Constitution; (2) Privileges and Immunities Clause; (3) Title VII of the Civil Rights Act of 1964; (4) Americans with Disabilities Act of 1990;[1] (5) Uniform Interstate Family Support Act; (6) Loving;[2] (7) First Amendment; (8) Fourth Amendment; (9) Fifth Amendment; (10) Thirteenth Amendment; and (11) Fourteenth Amendment. See id.

---

[1] Emrit does assert that he is "indigent, disabled, and unemployed" but does not assert any facts showing a valid cause of action under the Americans with Disabilities Act. Doc. 1 ¶ 7.

[2] Emrit does discuss his wish to marry a woman from Ukraine, but he does not provide any facts showing that he has been denied the opportunity to marry based on racial classifications. See Loving, 388 U.S. at 12 (stating that "restricting the freedom to marry solely because of racial classifications violates the central meaning of the Equal Protection Clause.").

6

Simply by referencing eleven possible grounds for federal jurisdiction, Emrit has not pled a viable cause of action for this Court to have jurisdiction over the case. Emrit does not allege state or government involvement in the alleged wrong beyond Judge Greenhawt granting his divorce in 2006 and a court order terminating his parental rights in 2009. See id. ¶¶ 4-5. Nor does Emrit name any defendant besides his ex-wife. The sole claim that Emrit asserts is "Tortious Interference with Family Relations" against his ex-wife. Id. at 6-7. The sole relief that Emrit requests is an annulment, which a federal district court cannot grant. Id. at 1; see Ankenbrandt v. Richards, 504 US. 689, 703 (1992) (stating that "the domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees.").

### c. *Rooker-Feldman* Doctrine

Emrit claims that the Rooker-Feldman doctrine does not apply. Doc. 1 at 1; see Rooker v. Fid. Tr. Co. 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983). "The Rooker-Feldman doctrine prohibits lower federal courts from exercising appellate review of state court judgments." Skit Intern., Ltd. v. DAC Techs. of Arkansas, Inc., 487 F.3d 1154, 1156 (8th Cir. 2007) (citing Feldman, 460 U.S. at 462, 482). "The *Rooker-Feldman* doctrine bars both straightforward and indirect attempts by a plaintiff to undermine state court decisions. Litigants may not pursue federal claims with allegations that are inextricably intertwined with a state court decision." Prince v. Ark. Bd. of Exam'rs in Psych., 380 F.3d 337, 340 (8th Cir. 2004) (internal citations omitted).

Emrit's claim, in essence, is asking this Court to overturn his divorce decree and replace the decree with an annulment. Because district courts cannot review on appeal state court judgments, this Court cannot review Emrit's prior divorce and grant an annulment. Thus, the Rooker-Feldman doctrine precludes this Court from granting the relief Emrit seeks.

7

### 2. Failure to State a Claim

Regardless of the absence of subject matter jurisdiction, under 28 U.S.C. § 1915(e)(2)(B)(ii), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted[.]" Emrit does not allege sufficient facts to show he is entitled to any form of relief against Jules. Emrit does not state any legal grounds entitling him to grant of an annulment in federal court. Emrit's sole cause of action is tortious interference with family relations, but the complaint does not include any facts demonstrating how a tortious interference occurred to provide a legal cause of action. Thus, this Court dismisses Emrit's complaint without prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

Accordingly, it is ORDERED:

1. That Emrit's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

2. That Emrit's complaint, Doc. 1, is dismissed.

DATED August 25th, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

---

[3] This Court notes that the complaint could also be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) in that a Public Access to Court Electronic Records (PACER) search reveals that between July 6, 2023, and July 17, 2023, Emrit filed fifteen separate lawsuits in separate district courts alleging the same or substantially similar issues. See Carter v. Schafer, 273 F. App's 581, 582 (8th Cir. 2008) (dismissing case when plaintiff filed at least thirty separate complaints raising same or similar issues).